USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/27/2022_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: ZURIEL MELAMED,
                                    Debtor.

ZURIEL MELAMED,
                                    Appellant.

                -v.-

SWIFT FINANCIAL LLC as serving agent for
WebBank,

                                    Appellee.

21-CV-2022 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

This appeal arises from an order by the Bankruptcy Court dated January 19, 2021 ("Extension Order"), which granted Appellee Swift Financial LLC ("Swift" or "Appellee")'s motion to extend the deadline to file a complaint objecting to Appellant-Debtor Zuriel Melamed ("Melamed" or "Appellant")'s dischargeability. Appellant commenced this appeal on March 9, 2021, seeking to reverse the Extension Order. For the following reasons, the Extension Order is AFFIRMED.

## BACKGROUND

Melamed is the sole owner of Achla Shawarma Factori Inc. ("Achla"). On or about November 5, 2019, Achla and WebBank entered into a Business Loan Agreement ("BLA"). Pursuant to BLA, Achla agreed to repay a total sum of $64,489.95, which is inclusive of the interest charge, at $1,240.19 per week for 52 weeks. (BK Doc. No. 39, Exhibit A.) Melamed personally guaranteed the payments. Subsequently, Melamed and Achla failed to meet their obligations under BLA and defaulted.

Swift is a serving agent for WebBank. With respect to BLA, Swift has full authority to file and maintain legal actions, including arbitration proceedings, in its own name for purpose of collection and enforcement of WebBank's rights under BLA.

On July 9, 2020, Melamed filed a voluntary bankruptcy petition under Chapter 13. (BK Doc. No. 1.) By Notice dated July 10, 2020, the Bankruptcy Court set October 20, 2020 as Swift's deadline to file a complaint to challenge Melamed's dischargeability. (BK Doc. No. 5.) Swift received notice of Melamed's Chapter 13 petition and filed a Notice of Appearance on July 17, 2020. (BK Doc. No. 14.)

On July 27, 2020, Melamed moved to convert his Chapter 13 case to Chapter 11 as well as to "shorten time because of [Appellee's] aggressive collection efforts" (Appellant's Brief at 5, ECF No. 2; BK Doc. Nos. 15, 18.) Swift opposed. (BK Doc. Nos. 21, 24.) After a hearing (BK Doc. No. 20.), the Bankruptcy Court denied both of Melamed's motions. On August 7, 2020, Melamed filed a second voluntary bankruptcy petition for Achla under Chapter 11. (BK Doc. No. 28.)

On September 29, 2020, Swift moved for an extension to file a complaint to challenge the dischargeability of Melamed's debt ("Extension Motion"). (BK Doc. No. 39.) Melamed filed his opposition to the Extension Motion on October 12, 2020. (BK Doc. No. 40.) On October 15, 2020, Swift filed an Application for a Federal Rule 2004 of Bankruptcy Practice Examination ("Rule 2004 Application"). On October 21, 2020, Melamed filed his opposition to Swift's Rule 2004 Application. (BK Doc. No. 45.)

According to Swift, during a telephonic hearing on November 4, 2020, the Bankruptcy Court directed the parties to submit a stipulation to (1) either confirm that Melamed was not eligible for discharge or, alternatively, extend the deadline for Swift to file a complaint objecting

to dischargeability of Melamed's debt until the end of January 2021; and (2) resolve Swift's Rule 2004 Application. (Appellee's Brief at 8, ECF No. 5; BK Doc. No. 58.)  Swift avers that it circulated a draft stipulation in accordance with the Bankruptcy Court's direction on November 10, 2020; however, Melamed's counsel "refused to sign or even discuss the Stipulation." (Appellee's Brief at 8.)

By order dated January 6, 2021, the Bankruptcy Court granted Swift's Extension Motion and directed the parties to confer to address the discharge issues. (BK Doc. No. 74.) The Bankruptcy Court issued a more detailed order on January 19, 2021, which became the Extension Order, giving rise to this appeal. (BK Doc. No. 78.)  The Extension Order extended the deadline for Swift to file a complaint objecting to dischargeability of Melamed's debt to March 31, 2021. (BK Doc. No. 78.)

Melamed commenced the instant appeal on March 9, 2021, appealing the portion of the Extension Order that extended Swift's time to file a complaint objecting to the dischargeability of Melamed's debt. (Notice of Appeal, ECF No. 1; Appellant's Brief at 5.)

## LEGAL STANDARD

District courts have appellate jurisdiction over "final judgments, orders, and decrees" of bankruptcy courts under 28 U.S.C. § 158(a)(1). A district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo. See In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000). "Matters left to the [bankruptcy] court's discretion are reviewed for abuse of discretion." *In re Adelphia Commc'ns Corp.*, 342 B.R. 122, 126 (S.D.N.Y. 2006). "A bankruptcy court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *In re Soundview Elite Ltd.*, 646 Fed. App'x 1 (2d Cir. 2016). "A district court may affirm, modify, or reverse a bankruptcy judge's

judgment, order, or decree or remand with instructions for further proceedings." *Margulies v. Hough* (*In re Margulies*), 566 B.R. 318, 328 (S.D.N.Y. 2017) (citation omitted).

Rule 4007(c) of FRBP provides, in pertinent part:

> **(c) Time for filing complaint under § 523(c) in a chapter 7 liquidation, chapter 11 reorganization, chapter 12 family farmer's debt adjustment case, or chapter 13 individual's debt adjustment case; notice of time fixed**
> [A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) . . . On motion of a party in interest, after hearing on notice, the court may *for cause* extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007 (emphasis added). Upon a timely motion to extend the deadline, the bankruptcy court must decide whether there is "cause" to grant the motion. *In re Paige*, 476 B.R. 867, 872 (Bankr. M.D. Pa. 2012). The "cause" in Rule 4007(c) is undefined and is left to the discretion of the bankruptcy court. Id. at 872 (citing *In re Anthanassious,* 418 Fed.Appx. 91, 96 (3d Cir.2011)). The factors informing the court's discretion include "(1) whether the creditor had sufficient notice of the deadline and the information to file an objection [;] (2) the complexity of the case [;] (3) whether the creditor exercised diligence [;] (4) whether the debtor refused in bad faith to cooperate with the creditor [;] and (5) the possibility that proceedings pending in another forum will result in collateral estoppel on the relevant issues." *In re Nowinski*, 291 B.R. 302, 305–06 (Bankr. S.D.N.Y. 2003) (internal citations omitted).

## DISCUSSION

The question at bar is whether the Bankruptcy Court abused its discretion in finding cause under Rule 4007(c) of FRBP to extend the deadline by which Swift may file a complaint objecting to Melamed's dischargeability in the Extension Order. Upon close examination of the record, this Court finds no abuse of discretion.

The gist of Melamed's argument on appeal is that Swift proffered inaccurate and conclusory allegations in its Extension Motion. (Appellant's Brief at 7.) The contested paragraph reads as follows:

> 16. Swift believes that there is good cause to declare the debt owed by the Debtor to be non-dischargeable under 11 U.S.C. §523 and/or that a discharge should not be granted under 11 U.S.C. §727. The Debtor and his company failed to make any payment to Swift under the Contract (first payment default), evidencing the Debtor's intent to take the loan and not make any payments. Further, it is believed that the Debtor misrepresented the financial condition of his company to Swift in order to obtain funding which Achla and the Debtor knew they could not pay back. Additionally, it is believed that the Debtor failed to use the loan proceeds for the stated purpose, which was to purchase equipment for the business. Rather, it is believed that the Debtor has unlawfully converted the loan proceeds for his personal use.

(Extension Motion ¶ 16, BK Doc. No. 39.) Melamed's argument is misplaced because it confounds the "cause" Swift set forth in the preceding paragraph[1] with the Rule 4007(c) cause upon which the Bankruptcy Court may grant the extension. What "Swift believes" as "good cause" regarding the dischargeability of Melamed's debt is distinct from what the Bankruptcy Court determines as "cause" to extend Swift's deadline to file a complaint. Stated differently, the question for the Bankruptcy Court, upon Swift's Extension Motion, was not whether Melamed's debt is dischargeable, but whether Swift should be given more time to file a complaint. Thus, the truthfulness of Swift's premature allegations in Paragraph 16 of the Extension Motion is irrelevant, and the Extension Order evinces no consideration by the Bankruptcy Court thereof.

A review of the Bankruptcy Court's docket indicates that, at the time of the Extension Order, Swift lacked access to "potentially important information" obtainable from a pending FRBP

---

[1] This is not to say that Swift had not made the same mistake, either purposely or inadvertently, in its Extension Motion. In the succeeding Paragraph 17, Swift continued on to state that "[p]ursuant to Bankruptcy Rule 4004(b)(2), the Court on motion may for cause extend the time to object to discharge." (Extension Motion ¶ 17, BK Doc. No. 39.)

Rule 2004 examination, which Swift had diligently sought and Melamed had diligently opposed.[2] *In re Paige*, 476 B.R. 867, 872 (Bankr. M.D. Pa. 2012) (finding cause for extension under 4007(c) where "the debtor has not yet been completely examined"). Indeed, the text of the Extension Order clearly shows that one of the Extension Order's primary purposes was to grant Swift access to Melamed's documents pursuant to Rule 2004.  In view of the circumstances, the Bankruptcy Court was well within its discretion to allow Swift more time "to determine if [it] can properly object to" the dischargeability of Melamed's debt. *Id*. at 872.

Accordingly, this Court affirms the Bankruptcy Court's Extension Order.

## CONCLUSION

The Bankruptcy Court's order is AFFIRMED. The Clerk of the Court is respectfully directed to close the case.

Dated: December 27, 2022

White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

---

[2] In its brief on appeal, Swift alleges that Melamed refused to cooperate by stipulating to a Rule 2004 Examination. The Court reviewed the Bankruptcy Docket but found insufficient support for this allegation.